UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESURGENT RECEIVABLES, LLC,

        Plaintiff,

Case No. 1:24-mc-146

Hon. Ray Kent

v.

ERVIN JOSEPH LAMIE, JR.,

        Defendant.

_____/

**DENIAL OF CERTIFICATION**
**and**
**ORDER OF REMAND**

*Pro se* defendant ("Lamie") seeks to initiate a new federal lawsuit by filing a "Motion to allow defendant to proceed in federal court as allowed by US Code 1446 that a defendant may remove the case from state court to federal court" (ECF No. 1). The state court lawsuit at issue is *Resurgent Receivables LLC v. Ervin Lamie*, Case No. 24182172GC (60th Dist. Ct.) (Muskegon, Mich.). In the state court case, plaintiff has sued defendant Lamie to collect a debt in the amount of $1,092.71. *See* Compl. (ECF No. 1-1, PageID.8). Lamie seeks to remove the state court case "pursuant to diversity" (*i.e.*, 28 U.S.C. § 1332(a)). *See* Notice (ECF No. 1-1, PageID.3).

Defendant Lamie did not pay the filing fee to remove this state court case to federal court. Rather, Lamie seeks to proceed *in forma pauperis* status (ECF No. 2). Lamie is a restricted filer. District Judge Maloney's October 30, 2023 Order in *Lamie v. Federal Home Loan Mortgage Corporation*, 1:23-cv-976 (ECF No. 13, PageID.155) sets forth filing restrictions, which state in

1

part that "if Plaintiff [Lamie] files any lawsuit in the United States District Court for the Western District of Michigan, he must submit the proposed complaint and a motion seeking certification by a magistrate judge that the claims asserted are not frivolous and that the suit is not brought for an improper purpose" and that "[t]he Clerk will then process the proposed complaint and motion as a new case but will not issue any process until a magistrate judge issues the required certification and directs that process be issued."

The removal of a case from state court to federal court is authorized by 28 U.S.C. § 1441(a), which provides that

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The procedure for removal is set forth in 28 U.S.C. § 1446, which provides in pertinent part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States . . ."    Having reviewed Lamie's filing, I determine that he should not be permitted to file this state lawsuit under the Court's removal jurisdiction, because his claims which form the basis for the removal are frivolous.

2

Assuming that the parties are citizens of different states[1] the matter in controversy is only $1,092.71, well below the required amount of $75,000.00. To make up the jurisdictional shortfall of nearly $74,000.00, defendant Lamie states that he has a claim against plaintiff for an "Irrevocable Estoppel of Acquiescence" and that "[t]he plaintiff owes the defendant six million five hundred thousand dollars". Notice (ECF No. 1-1, PageID.3). Defendant includes an "Uncontested Affidavit of Facts & Truth" ECF No. 1-1, PageID.4) which makes a conclusory statement that plaintiff owes him $6,500,000.00. He also attached an affidavit to his answer in state court which makes a conclusory statement the plaintiff owes him $6,500,000.00. Affidavit (ECF No. 1-1, PageID.14).

Defendant Lamie does not allege a cause of action or counterclaim against plaintiff which meets the requirements for diversity jurisdiction.

First, defendant Lamie fails to meet the minimum matter in controversy requirement. Lamie bases this requirement on a fantastical and conclusory claim for millions of dollars of damages with a legal label of "irrevocable estoppel of acquiescence." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading that offers "labels and conclusions" is insufficient to state a cause of action).

Second, Lamie does not allege a cause of action to support this enormous claim for damages. "Estoppel by acquiescence" is an affirmative defense. *See Edward C. Levy Co. v. Metamora Township*, No. 279431, 2009 WL 152498 at *4 (Mich. App. Jan. 22, 2009). *See also, Hunter v. Navy Federal Credit Union*, No. 3:24-CV-0788-D, 2024 WL 3094610 at *7 (N.D. Tex. June 20, 2024) ("Because estoppel by acquiescence is defensive in nature, it is raised by a

---

[1] *See* Compl. at PageID.8 (stating that plaintiff Resurgent Receivables does business in South Carolina and that defendant Lamie is domiciled in Michigan).

3

defendant as an affirmative defense, or by a plaintiff as a counter-defense to nullify an affirmative defense.") (quotation marks omitted).

In short, defendant Lamie's contention that the matter in controversy in Michigan's 60th District Court involves a claim of $6,500,000.00 for "irrevocable estoppel of acquiescence" is frivolous with no basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous "where it lacks an arguable basis either in law or in fact"). *See also, Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (frivolous claims include "those that are clearly baseless, fanciful, fantastic, or delusional") (internal quotation marks omitted).[2]

For these reasons, I **decline to certify** that defendant Lamie's claims in this lawsuit "are not frivolous and that the suit is not brought for an improper purpose."

Accordingly, because defendant Lamie does not meet the certification requirements of his filing restriction. **IT IS ORDERED** that the Clerk's Office shall **REMAND** this case to the state court from which it was removed.

Dated:  May 20, 2025                                /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge

---

[2] The Court notes that even if Lamie had alleged a non-frivolous counterclaim which met the threshold for removing a diversity case, such a counterclaim cannot serve as the basis for removal. *See CMS North America, Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 628 (W.D. Mich. 2007) ("the amount in controversy for purposes of diversity jurisdiction, at least in the context of removal, should be determined solely by considering the plaintiff's complaint.").